NOT FOR PUBLICATION                                            (Docket No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                     :
COMMODITY FUTURES TRADING            :
COMMISSION,                          :
                                     :
            Plaintiff,               :   Civil No. 06-4674 (RBK)
                                     :
      v.                             :   **OPINION**
                                     :
WILLIAM D. PERKINS.                  :
                                     :
            Defendant.               :
_____  :

**KUGLER**, United States District Judge:

　　Before the Court is a motion by Defendant William D. Perkins ("Perkins") to dismiss the complaint for improper venue or, in the alternative, to transfer this case to the District of Utah or the District of Nevada. Plaintiff Commodity Futures Trading Commission ("CFTC") opposes the motion. For the reasons provided below, the Court denies Perkins's motion.

**I.   Background**[1]

　　In its complaint, CFTC alleges that Perkins was a commodity pool operator ("CPO") which, from January 2002 until April 2004, managed Universe Capital Appreciation, LLC ("Universe"). CFTC further alleges that Universe was a commodity pool which fed

---

　　[1] On a motion to dismiss, the Court accepts all allegations in the Complaint as true.

approximately $3 million in participant funds to Shasta Capital Associates, LLC ("Shasta"),[2] which was essentially a feeder fund for Tech Traders, a superfund. Robert Shimer and Vincent Firth, defendants in this Court in a separate action initiated by CFTC, and Equity Financial Group, LLC ("Equity") managed and controlled Shasta.

CFTC alleges that Perkins created Universe to solicit and feed funds to Shasta.  Shasta required a minimum investment of $100,000, so Perkins structured Universe to permit smaller investors to participate through aggregation of their funds. Universe investors paid "layered management fees" to both Universe and Shasta. Perkins allegedly represented to Universe investors that the trading company, Tech Traders, in which Shasta invested one-hundred percent of its funds, was extraordinarily successful. Perkins distributed Shasta solicitation materials to Universe participants, including Shasta's Private Placement Memorandum ("PPM").  Perkins also referred Universe investors to Shasta's website which touted Shasta's, and thereby Tech Traders's, success. In addition, Perkins represented to Universe investors that an independent Certified Public Accountant verified Shasta's profits.

Perkins allegedly solicited over forty participants from

---

[2]   Shasta's business address was listed as Medford, New Jersey.

various parts of the country, collecting $3.4 million to invest in Shasta and forwarding $3 million to Shasta for trading commodity futures contracts in Tech Traders.

CFTC alleges that Perkins did nothing to verify the accuracy of Shasta's results.  Moreover, CFTC alleges that Perkins failed to disclose that, prior to forming Universe, Perkins and Robert Shimer were partners in at least three other failed investment schemes.

CFTC filed a Complaint in the United States District Court for the District of New Jersey on September 26, 2006, alleging that Perkins violated Sections 4m(1) and 4*o*(1) of the Commodities Exchange Act, ("CEA"), 7 U.S.C. §§ 6m(1), 6*o*(1), as well as Commission Regulations 4.20, 4.21, 4.24, and 4.25, 17 C.F.R. §§ 4.20, 4.21, 4.24, and 4.25. On November 30, 2006, Perkins moved to dismiss this case for improper venue, or in the alternative, to transfer the case to the District of Utah or the District of Nevada.  CFTC opposes the motion.

**II. Discussion**

    A.   Venue

Perkins argues that because he resides in the state of Utah, and because he did not solicit or contact any resident of the state of New Jersey to participate in Universe, venue in the District of New Jersey is not only improper, but "completely inaccessible" and contrary to basic notions of fundamental

3

fairness. CFTC argues that because the CEA has its own venue provision which states that venue is proper where the defendant transacts business, this district is the proper venue.

As CFTC notes, the CEA contains a provision that governs venue in actions brought under the CEA. That provision states

> Any action under this section may be brought in the district wherein the defendant is found or is an inhabitant or transacts business or in the district where the act or practice occurred, is occurring, or is about to occur, and process in such cases may be served in any district in which the defendant is an inhabitant or wherever the defendant may be found.

7 U.S.C. § 13a-1(e). Statutes that prescribe specific venue provisions generally trump the general venue provisions of 28 U.S.C. § 1391. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 228 (1957).

In CFTC v. Savage, 611 F.2d 270 (9th Cir. 1979), the Ninth Circuit Court of Appeals held that venue in the Central District of California was proper although the defendant resided in Chicago and executed all the allegedly improper trades in Chicago because the defendant placed telephone calls to the Central District of California to communicate investment advice and arrange trades. The Ninth Circuit found that these calls were an "integral aspect of the commodity futures contract transactions at issue in this suit," thereby making venue in the Central District of California proper. Id. at 278.

Likewise, the District of New Jersey found venue proper in a

case where the "record reveal[ed] that the [non-resident] defendants . . . transacted business in th[at] district" in <u>CFTC v. Am. Metals Exchange Corp.</u>, 693 F. Supp. 168, 188 (D.N.J. 1988). Specifically, the defendants were shareholders of the company that owned one-hundred percent of a New Jersey entity that operated the investment program at issue in the case. <u>Id.</u> Because the non-resident defendants "consummated" investment transactions in the District of New Jersey "via the mail and telephonic communications, as well as through wire transfers of funds," the court found venue proper. <u>Id.</u> (citing <u>Savage</u>, 611 F.2d at 277). In addition, the court cited evidence that one of the non-resident defendants received compensation from and solicited business for the New Jersey entity to further support its holding that venue in that district was proper. <u>Id.</u>

Perkins is similar to the non-resident defendants in both <u>Savage</u> and <u>American Metal Exchange Corp</u>. Universe fed money to Shasta, a New Jersey LLC, which invested all if its holdings in Tech Traders. Perkins promoted Tech Traders' success by referring Universe investors to the Shasta website, and by circulating Shasta's PPM. Perkins admits that he "provide[d] written correspondence to New Jersey members of Universe from time to time as a regular part of [his] duties as manager of Universe." Perkins further states that he made calls to and received calls from New Jersey, but he is vague as to whether those calls

5

related to Universe business. There are also records of e-mails between Perkins, as manager of Universe, and Firth, on behalf of Shasta, regarding Universe's investment with Shasta.

Because the record clearly demonstrates that Perkins "transacted business" in the District of New Jersey, as the CEA venue provision requires, the Court holds that venue is proper in this district.  Therefore, the Court denies Perkins's motion to dismiss for improper venue.

B.   Transfer

In the alternative, Perkins moves to transfer this case to the District of Utah or the District of Nevada, either of which Perkins argues is a more appropriate forum because of convenience and fairness to Perkins, and because a number of Universe investors are located there.[3]  CFTC argues that "the interests of justice" require that this case remain in the District of New Jersey.

Section 1404(a) of the United States Code provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden of establishing the need for a transfer of venue rests with the moving party. Jumara v. State

---

[3]   Although Perkins does not cite a specific statute to support his motion to transfer, the Court assumes Perkins intended to move for a transfer pursuant to 28 U.S.C. § 1404(a).

Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). When deciding a motion to transfer venue, a district court should remember that "the plaintiff's choice of venue should not be lightly disturbed." Id.

The decision whether to transfer a case lies within the broad discretion of the district court. It requires the court to make a "flexible and individualized analysis," and to "weigh in the balance a number of case-specific factors" to determine whether the proposed transferee district would be a more convenient forum for the litigation. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The statute enumerates three factors a district court should consider when deciding a motion to transfer under 1404(a), including (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Supreme Court enumerated additional factors for a district court to consider, which are grouped into two broad categories: private interest factors and public interest factors. Mendoza v. U.S. Custom and Border Prot., No. 05-6017, 2007 WL 842011, at *3 (D.N.J. Mar. 19, 2007) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)).

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest

>    including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

Mendoza, 2007 WL 842011, at *3 (citing Jumara, 55 F.3d at 879).

Although the Court notes that Perkins's geographical distance from the District of New Jersey is problematic, the Court finds that transferring this case to the District of Utah or the District of Nevada does little to satisfy the enumerated factors.  Not only did the plaintiff, CFTC, select the District of New Jersey to initiate this suit, the facts of this case are heavily intertwined with the facts of another case pending in this Court.  Moreover, as noted above, Perkins transacted business in this forum in connection with the alleged investment scheme.  In addition, in their brief opposing this motion, CFTC states that six Universe investors and Shimer and Firth, all potential witnesses in this litigation, are located within this district.  CFTC states that the remaining Universe investors are dispersed throughout the country, meaning that no particular forum is more convenient than another in that regard.  CFTC also states that it is unlikely that Perkins will need to travel to this district during the pendency of this litigation because of the availability of telephone conferences, unless and until the case goes to trial.

Therefore, the Court finds that, after weighing all the

enumerated factors, this case will remain in the District of New Jersey. Perkins's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

## III. CONCLUSION

For the foregoing reasons, the Court denies Perkins's motion to dismiss for improper venue, or in the alternative to transfer the case to the District of Utah or the District of Nevada.


Dated: 7/18/2007          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge